```
             UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| MARY E. WOOD, | : **CIVIL NO. 1:07-CV-0229** |
| Plaintiff | : (Magistrate Judge Smyser) |
| v. | : |
| OCWEN LOAN SERVICING, LLC, | : |
| Defendant | : |

**MEMORANDUM AND ORDER**

The complaint in this case was filed on January 16, 2007 in the Court of Common Pleas of Adams County. The case was removed by defendant to this court on February 7, 2007. An answer (Doc. 7) was filed on March 14, 2007. A case management conference was held. On the basis of a 28 U.S.C. § 636(c) consent, the case was assigned to a magistrate judge on March 15, 2007. The deadlines set in the initial (April 20, 2007) case management order (Doc. 11) were extended on three occasions (Doc. 16, August 10, 2007; Doc. 24, October 18, 2007; Doc. 27, November 29, 2007). A motion for further extensions was denied on January 23, 2008 (Doc. 30). The final amended case management order of November 29, 2007 established *inter alia* a deadline for dispositive motions of February 18, 2008.

The defendant filed a motion for summary judgment and a brief and documentation in support of the motion on February 19, 2008[1]. A LR 56.1 statement of material facts not in dispute was filed. (Docs. 31, 32).

The facts that are not in dispute[2] are as follows:

1. On November 28, 1975, Plaintiff and her former husband Richard W. Wood, Sr. (now deceased) obtained a mortgage loan from The Lomas and Nettleton Company in the amount of $38,000.

2. Plaintiff's loan was subsequently assigned or service transferred as set forth:

- Assignment to Government National Mortgage Association recorded in Volume 25, page 1144, on August 13, 1976;

- Re-assignment to The Lomas & Nettleton Company recorded in Volume 32, page 316, on March 2, 1979;

- Assignment to the Secretary of Housing and Urban Development recorded in Volume 38, page 394, on July 22, 1981;

- Assignment to RCR Services, Inc., d/b/a Mortgage Default Services Company recorded in Record Book 511, page 507, on January 4, 1989;

---

[1] The motion is accordingly untimely by one day. The deadline, which was the deadline that the defendant had proposed, although a holiday, was unaffected by Rule 6. Moreover, because of electronic filing, the defendant could have filed the motion on February 18, 2008.

[2] These are the undisputed facts by operation of the Rule in combination with the fact that no brief in opposition or statement of material facts in opposition has been filed by the plaintiff. LR 7.6, LR 56.1. The defendant's references to the supporting sources for the factual statements are omitted herein because there is no dispute as to these facts. They are set forth in Doc. 31, Exhibit 1.

2

- Assignment transferred to the United States Department of Housing and Urban Development; thereafter

- Assignment to Ocwen Federal Bank, FSB, now known as Ocwen Loan Servicing, LLC in August 1997.  Ocwen services the loan for the mortgagee LaSalle Bank National Association, as Trustee for the Certificateholders of the Mortgage Pass-Through Certificates 1999-R2.

3.  On March 20, 1989, Plaintiff filed a voluntary bankruptcy petition pursuant to Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Pennsylvania, docketed to Case No. 1-89-00326.

4.  On January 17, 1991, Plaintiff filed a Chapter 13 Plan which provided that the Department of Housing and Urban Development, c/o R.C.R. Services, Inc., mortgage holder be paid the sum on [sic] $18,000.00 to cure arrears on said mortgage debt.

5.  The plan was confirmed on October 17, 1991.

6.  The Plaintiff received her bankruptcy discharge on July 2, 1996.

7.  When HUD transferred the loan to Ocwen in August 1997 the principal owed was $36,119.96.

8.  The loan was contractually due for the December 1, 1981 payment.

9.  Ocwen's loan reconciliation attached to the Johnson Declaration as Exhibit "12" sets forth the  application of all payments made to the loan since August 1997 based upon the note and mortgage.

10.  On or about May 19, 1998, Plaintiff's bankruptcy counsel, Larry Wolf, wrote Ocwen on Plaintiff's behalf to request a statement of all charges and payments over the past 60 months because Plaintiff felt that the then $54,165.11 loan balance was too high.

11.  On August 31, 1998 Ocwen provided Plaintiff with a loan transaction history which provided a breakdown of how payments were applied.

    12.  On April 14, 2000, Plaintiff's counsel sent another letter to Ocwen which again alleged that certain payments were not credited to Plaintiff's account.

    13.  In this letter Plaintiff's counsel also stated that Plaintiff may file a declaratory judgment action to resolve the accounting dispute if necessary.

    14.  On August 18, 2000, Ocwen responded to Plaintiff's counsel request for confirmation that all previous bankruptcy payments were applied to the loan.

    15.  Ocwen's correspondence stated that "all payments made to HUD by the Chapter 13 Trustee were correctly credited to the loan."

    16.  No declaratory action was filed by Plaintiff.

    17.  Plaintiff's counsel wrote to Ocwen again on June 4, 2001 regarding the loan accounting issue.

    18.  On July 26, 2001, Ocwen responded to Plaintiff and again provided her with the HUD and Ocwen payment histories.

    19.  Ocwen also reminded Plaintiff that if she wanted Ocwen to respond directly to her attorney that it would need her written authorization.

    20.  Plaintiff eventually filed this action for a declaratory judgment in December 2005.

The moving party, the defendant, asks the court to declare that the amount owed by plaintiff on her mortgage loan serviced by the defendant is determined to be $56,641.58 as of February 25, 2008 and to dismiss the claims of the plaintiff with prejudice.  Under the foregoing undisputed facts, the declaration of a current

4

account balance that is requested by the defendant is not shown to be factually justified.

A basis in fact is not shown for the court to find there to be no dispute of fact that the amount owed by the plaintiff on her mortgage loan serviced by the defendant, as of February 25, 2008, is $56,641.58.

The plaintiff's civil action sought a declaratory judgment. The complaint's ultimate request for relief requested an order to the defendant to mark the mortgage as satisfied and directing the defendant to refund to the plaintiff any over payments made by the plaintiff after December 1, 2005. The defendant's motion does show there not to be a factual basis to support such an order. The defendant's motion did not advance the basis that the plaintiff, who bears the burden of proof, having the opportunity to conduct discovery and to show that basis for her claim, can not show it. *See Celotex Corp v. Catrett,* 477 U.S. 317 (1986). That summary judgment theory, if meritorious, could have resulted in the disposition of this case in the form of a summary judgment denial of the plaintiff's requested declaratory judgment, but not in the form of a declaration of a current account balance.

The defendant's argument that a cause of action had ripened more than four years before this civil action was

5

filed is based upon the assertion that the four year statute of limitations for a declaratory judgment action[3] is correctly applied here and the assertion that the statute began to run when the plaintiff received statements of her mortgage balance from the defendant in the years 2000 and 2001.  We will assume that the four year declaratory judgment statute applies.  No authority is presented to support the assertion that the statute began to run when the defendant presented the plaintiff with the defendant's position as to the mortgage balance at a certain time and told the plaintiff to initiate a declaratory judgment action if the plaintiff did not agree.  The account balance has been a continuing controversy and remains in dispute.

Although the plaintiff did not file a brief in opposition to the defendant's summary judgment motion, the plaintiff was justified in relying upon the fact that the motion was filed past the deadline in deciding not to file an opposing brief.

Accordingly, for the reason that the motion for summary judgment was not timely filed, the motion is **DENIED**.  Assuming *arguendo* that the motion were to be considered on its merits, the motion would be denied as to the defendant's request for a declaration of an account

---

[3] See 42 Pa. C.S.A. § 5525(2); *Wagner v. Apollo Gas Co.,* 399 Pa.Super. 323, 582 A.2d 364 (1990).

balance in the amount that the defendant advocates because the defendant does not show with evidence that the material factual issue of the correct mortgage balance is not reasonably in dispute.

                                      ***/s/ J. Andrew Smyser***
                                      J. Andrew Smyser
                                      Magistrate Judge

Dated:  April 3, 2008.